# Console Law Offices LLC
**COUNSELORS AT LAW**

www.consolelaw.com

1525 Locust Street, Ninth Floor
Philadelphia, PA 19102
215.545.7676
215.565-2853 fax

110 Marter Avenue, Suite #105
Moorestown, NJ 08057
856.854.4000
856.854.4006 fax

**CAREN N. GURMANKIN**
gurmankin@consolelaw.com

October 14, 2014

**Via Hand Delivery**

Clerk, United States District Court
for the Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

      **Re:**   **John Gerundo v. AT&T, Inc. and AT&T Services, Inc.**
               **Our File No. 3536**
               **Civil Action No.: 14-5171**
--------------------------------------------------------------------------------------

Dear Sir/Madam:

Enclosed for filing please find the following:

1)     Plaintiff's Amended Complaint (O + 1);
2)     a CD containing a .pdf copy of the amended complaint; and
3)     a postage-paid return envelope

Thank you very much.  Please call if you have any questions.

Sincerely,

CAREN N. GURMANKIN

CNG:djs
Enc.

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN GERUNDO**<br>**Macungie, PA 18062** | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff,** | : | **5:14-cv-05171-JLS** |
| | : | |
| **v.** | : | |
| | : | |
| **AT&T INC.** | : | **JURY TRIAL DEMANDED** |
| **208 S. Akard Street** | : | |
| **Dallas, TX 75202** | : | |
| | : | |
| **and** | : | |
| | : | |
| **AT&T SERVICES, INC.** | : | |
| **208 S. Akard Street** | : | |
| **Dallas, TX 75202** | : | |
| | : | |
| **Defendants.** | : | |

## FIRST AMENDED COMPLAINT

### I.  INTRODUCTION

Plaintiff, John Gerundo, brings this action against his former employers, AT&T Inc. and AT&T Services, Inc. (together "Defendants").  Mr. Gerundo was discriminated against because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").

### II.  PARTIES

#### A.  Plaintiff

1.    Plaintiff, John Gerundo, is an individual and a citizen of the Commonwealth of Pennsylvania.

2.     Plaintiff was sixty five (65) years of age at the time of his termination.

3.     At all times material hereto, Plaintiff worked out of his home in Macungie, PA.

4.     At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

**B.     Defendants**

5.     Defendant, AT&T Inc. is a Delaware corporation with a principal place of business at 208 S. Akard Street, Dallas, TX 75202.

6.     Defendant, AT&T Services, Inc. is a Delaware corporation with a principal place of business at 208 S. Akard Street, Dallas, TX 75202.

7.     Defendant AT&T Inc. controls and directs certain of Defendant AT&T Services, Inc.'s business operations and policies.

8.     Employees of Defendant AT&T Inc. and employees of Defendant AT&T Services, Inc. share the same email address, att.com.  Upon information and belief, Defendant AT&T Inc. controls, and has access to, electronic communications of Defendant AT&T Services, Inc.

9.     Upon Plaintiff's termination, Defendants provided him with a General Release and Waiver AT&T Inc. Severance Pay Plan.

10.     Upon Plaintiff's termination, Defendants provided him with an Acknowledgement Of Obligations Of Terminating Employee Regarding Intellectual and Other Property ("Acknowledgement").  Plaintiff signed the

Acknowledgement, which read in part, "I have been reminded of the following obligations I have to AT&T Inc., its affiliates, and subsidiaries ("AT&T").

11.     After Plaintiff's termination, he received a Notice of Enrollment for the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). The Notice was from "AT&T" and referenced the "AT&T Benefits Center Web site" and the "AT&T Benefits Center."

12.     Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

13.     At all times material hereto, Defendants employed more than twenty (20) employees.

14.     At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

15.     At all times material hereto, Defendants acted as employers within the meaning of the statutes which form the basis of this matter.

### III.    JURISDICTION AND VENUE

16.     The causes of action which form the basis of this matter arise under the ADEA and the PHRA.

17.     The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

18.     The District Court has jurisdiction over all counts pursuant to 28 U.S.C. §1332 since the amount in controversy in the present action exceeds the

sum or value of seventy five thousand dollars ($75,000), exclusive of interests and costs, and there exists complete diversity of citizenship, as Plaintiff is a citizen of the Commonwealth of Pennsylvania and Defendants are not citizens of the Commonwealth of Pennsylvania.

19.     The District Court has jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

20.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

21.     On or about June 12, 2013, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination alleged herein.  This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC").  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

22.     On or about June 27, 2014, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.  Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

23.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.   **FACTUAL ALLEGATIONS**

24.     Plaintiff was hired by IBM Corporation in or around May 1970.  He was promoted several times, including into the newly created position of Service Executive in or around 1997.  In or around 1999, Defendants acquired the

division of IBM Corporation in which Plaintiff worked, and Plaintiff became an employee of Defendants.  At the time that Plaintiff was terminated, he had approximately forty two (42) years of service with Defendants and their predecessor.

25.     When Plaintiff became an employee of Defendants, he retained his Service Executive position, and he held that job until his termination.  As a Service Executive, Plaintiff was responsible for helping large, premium clients to navigate Defendants' systems and processes, and to manage their maintenance, orders and billing issues.  For approximately the last three (3) years of his employment, Plaintiff managed Defendants' Fiserv account, a very significant, high-volume account, and one of Defendants' largest accounts.

26.     At all times material hereto, Plaintiff performed his job duties in a highly competent manner.  By way of example only, Plaintiff's last performance review, which he received in or about February 2013, included the following comments:

(a)     "Jack continues his good work in support of Fiserv.  He is on the front line every day either at the client's location in Philly or from his office working tickets.  His client respects the value that Jack provides them while working their issues";

(b)     "Jack has done a good job of building relationships up and down at Fiserv.  They value what he does for them.  They also provide him with information about what is really going on";

(c)     "Jack's strengths are in working with different work groups at

AT&T and Fiserv.  He knows how to get different groups to work as a team"; and,

       (d)    "Jack continued through 2012 as the primary contact for Fiserv's ticket escalations, which take time and energy, and often bleed into the evening and weekend hours.  With so many varying business units and contacts, it can be challenging to keep everyone happy.  Jack works very diligently to do that, and knows who the key constituents are…The good news is that we are adding headcount to the team, and during 2013 Jack will have more opportunity shine.  Dividing up his current duties with other team members will allow us to use Jack's strengths to greater success with the client."

      27.    In or around Fall 2012, Ms. Roth questioned Plaintiff regarding his retirement plans.  Plaintiff told Ms. Roth that he had no plans to retire.

      28.    Near the end of 2012, Defendants transferred other, substantially younger, less qualified employees to work on the Fiserv account on which Plaintiff had focused for approximately three (3) years prior to his termination.  At that time, Plaintiff was instructed to train those employees regarding the account.

      29.    On or about March 1, 2013, Ms. Roth informed Plaintiff that he was being "surplussed," and that his employment would be terminated effective April 30, 2013.

      30.    Ms. Roth also told Plaintiff that he should not be surprised if Defendants added another Service Executive to work on the same account to which he had been assigned for the past approximately three (3) years.

      31.    On the same day that Ms. Roth informed Plaintiff that he would be terminated, he received a letter from Defendants advising him that his position

had been eliminated and that, as a result, he would be placed on "surplus status."

32.     Upon information and belief, Plaintiff, age sixty five (65), was the oldest of Ms. Roth's direct reports, and he was one (1) of only two (2) employees selected for termination.  Other younger, less qualified employees were retained.

33.     Defendants' asserted reason for terminating Plaintiff's employment was pretextual.

34.     Plaintiff's age was a motivating and determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including Defendants' termination of Plaintiff's employment.

35.     As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

### COUNT I - ADEA

36.     Plaintiff incorporates herein by reference paragraphs 1 through 35 above, as if set forth herein in their entirety.

37.     By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADEA.

38.     Said violations were willful and warrant the imposition of liquidated damages.

39.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

40.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

41.     No previous application has been made for the relief requested herein.

## COUNT II - PHRA

42.     Plaintiff incorporates herein by reference paragraphs 1 through 41 above, as if set forth herein in their entirety.

43.     Defendants, by the above improper and discriminatory acts, have violated the PHRA.

44.     Said violations were intentional and willful.

45.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

46.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory acts unless and until the Court grants the relief requested herein.

47.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of the ADEA;

(b)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)     enjoining and permanently restraining the violations alleged herein;

(d)     entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(e)     awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(f)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(g)     awarding liquidated damages to Plaintiff under the ADEA;

(h)     awarding Plaintiff such other damages as are appropriate under the ADEA and the PHRA;

(i)     awarding Plaintiff the costs of suit, expert fees and other

disbursements, and reasonable attorneys' fees; and,

(j)     granting such other and further relief as this Court may deem

just, proper, or equitable including other equitable and injunctive relief providing

restitution for past violations and preventing future violations.


CONSOLE LAW OFFICES LLC


Dated:   10/14/14                    BY:   _____

Stephen G. Console (36656)
Caren N. Gurmankin (205900)
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 565-2853 (fax)

Attorneys for Plaintiff,
John Gerundo

# EXHIBIT "1"

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | Q   FEPA<br>X   EEOC | 530-2013-02962 |

| STATE OR LOCAL AGENCY:   PHRC | | |
|---|---|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>John Gerundo | HOME TELEPHONE NUMBER *(Include Area Code)*<br>▓▓▓▓▓▓▓ |
|---|---|

| STREET ADDRESS<br>▓▓▓▓▓▓▓ | CITY, STATE AND ZIP<br>Macungie, PA 18062 | DATE OF BIRTH<br>▓▓▓▓ |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>AT&T Inc.<br>AT&T Services, Inc. | NUMBER OF EMPLOYEES,<br>MEMBERS<br>>20 | TELEPHONE (Include Area Code)<br>(866) 878-5865 |
|---|---|---|

| STREET ADDRESS<br>Charging Party's Work Location<br>2199 Autumn Ridge Road<br><br>Corporate Headquarters<br>208 S. Akard Street | CITY, STATE AND ZIP<br><br>Macungie, PA 18062<br><br><br>Dallas, TX 75202 | COUNTY<br><br>Lehigh<br><br><br>Dallas |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race   QColor   QSex   QReligion   QNational Origin<br>Q Retaliation   X Age   Q Disability   QOther *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*          *Latest*  03/01/2013 |
|---|---|

**The Particulars Are:**

A.    1.      Relevant Work History

I was hired by Respondents on or about May 1, 1999 as a Service Executive. Since in or about June 2012, I reported directly to Renee Roth, Director, Service Management. Ms. Roth reported to Gary Jordan, Area Vice President.

For the past approximately three (3) years, I was the most senior employee managing the Fiserv account, a very significant, high-volume account.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date: 6/12/2013    *Charging Party (Signature)* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

**EEOC Charge of Discrimination**
**Page 2 of 3**
**Initials of Charging Party –**

I consistently demonstrated excellent performance and dedication to Respondents. During my employment with Respondents, I consistently handled very high-volume, significant accounts. Also, I was given my most recent performance review in or about February 2013 in which I received feedback that included the following:

(a)  "Jack continues his good work in support of Fiserv. He is on the front line every day either at the client's location in Philly or from his office working tickets. His client respects the value that Jack provides them while working their issues";

(b)  "Jack has reestablished stewardship at the Executive level. Every month a Fiserv VP – Ken Windfelder joins the call. Ken has been very complementary [sic] of the information that is provided. During recent talks about new SLA's Ken made clear he likes what he is getting in his reports";

(c)  "Jack has done a good job of building relationships up and down at Fiserv. They value what he does for them. They also provide him with information about what is really going on";

(d)  "Jack's strengths are in working with different work groups at AT&T and Fiserv. He knows how to get different groups to work as a team"; and,

(e)  "Jack continued through 2012 as the primary contact for Fiserv's ticket escalations, which take time and energy, and often bleed into the evening and weekend hours. With so many varying business units and contacts, it can be challenging to keep everyone happy. Jack works very diligently to do that, and knows who the key constituents are…The good news is that we are adding headcount to the team, and during 2013 Jack will have more opportunity shine. Dividing up his current duties with other team members will allow us to use Jack's strengths to greater success with the client."

2.  **Harm Summary**

I believe that Respondents have discriminated against me because of my age. Evidence of discriminatory conduct includes, but is not limited to, the following:

a)  On or about March 1, 2013, Ms. Roth called me and told me that I was "surplussed" and that my employment would be terminated effective April 30, 2013;

b)  After Ms. Roth informed me that my employment was going to be terminated, she told me that I should not be surprised if Respondents added another Service Executive to work on the Fiserv account. Based on her statement, as well as the fact that the Fiserv account was growing, I told Ms. Roth that terminating me did not make sense. Her only response was that "it's just statistics";

c)  On that same day, I received a letter from Respondents stating that they had determined that my position would be eliminated and that, as a result, I would be placed on "surplus status";

d)  Respondents never informed me of the criteria that they used to determine which employees would be terminated and which would be retained;

**EEOC Charge of Discrimination**
**Page 3 of 3**
**Initials of Charging Party —**

e)  After the notification of my termination, I applied for a lower-level position, for which I was qualified, with Respondents. No one at Respondents ever got back to me regarding the same and I was not selected, or even interviewed, for the position;

f)  Respondents' conduct and demographics evidence a bias against older employees. Evidence of this includes, but is not limited to, the following:

   (1)  I was one (1) of eleven (11) Service Executives reporting to Ms. Roth and upon information and belief, I was one (1) of the oldest, if not the oldest;

   (2)  Upon information and belief, the only two (2) employees terminated from Ms. Roth's group, including me, were among the oldest in that group;

   (3)  In or about November 2012, two (2) employees, both of whom were substantially younger and less qualified than I am, were transferred into Ms. Roth's group to work on the Fiserv account; and,

   (4)  All of the other employees who worked on the Fiserv account, all of whom were retained, were substantially younger, and less qualified, than I was.

B.   1.   Respondents' Stated Reasons

   (a) Respondents have not offered a legitimate, non-discriminatory reason for eliminating my position and terminating my employment; and,

   (b) Respondents have not offered a legitimate, non-discriminatory reason for failing to hire me into a position for which I was qualified after my termination.

C.   1.   Statutes and Basis for Allegations

   I believe that Respondents have discriminated against me based on my age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), as set forth herein.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**John Gerundo v. AT&T, Inc. et al.**

EEOC No. _____

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

 X   I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

 X   *I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.*

         X   *John R. Gerundo 6/12/2013*
            Signature and Date

 ___   I do not want my charge dual filed with PHRC

            _____
            Signature and Date

EXHIBIT "2"

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: John Gerundo | From: Philadelphia District Office |
|---|---|
| Macungie, PA 18062 | 801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2013-02962 | Legal Unit | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Spencer H. Lewis, Jr.,
District Director

6/27/14
*(Date Mailed)*

cc:
Cherry Tomczezyn
Senior Consultant EEO
AT&T SERVICES, INC
208 South Akard Street, Suite 2210.14
Dallas, TX 75202

Caren Gurmankin, Esq.
CONSOLE LAW OFFICES
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
John Gerundo

**DEFENDANTS**
AT&T, Inc. and AT&T Services, Inc.

**(b)** County of Residence of First Listed Plaintiff   Lehigh
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Dallas
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Caren N. Gurmankin, Esquire
Console Law Offices LLC
1525 Locust Street
9th Floor
Philadelphia, PA 19102
(215) 545-7676

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure |    28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |    Liability |    of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
|    & Enforcement of Judgment |    Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent |    Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |    Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|    Student Loans | ☐ 340 Marine |    Safety/Health | | ☐ 490 Cable/Sat TV |
|    (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment |    Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) |    Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle |    Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract |    Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |    12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |    Injury |    & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. |    or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ |    Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land |    Accommodations | |    26 USC 7609 |    Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | | |    Under Equal Access |
| |    Employment | | |    to Justice |
| | ☐ 446 Amer. w/Disabilities - | | | ☐ 950 Constitutionality of |
| |    Other | | |    State Statutes |
| | ☐ 440 Other Civil Rights | | | |

(PERSONAL INJURY torts: ☐ 362 Personal Injury - Med. Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability. PERSONAL PROPERTY: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability. PRISONER PETITIONS: ☐ 510 Motions to Vacate Sentence; Habeas Corpus: ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition)

## V. ORIGIN  (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §621, et seq. ("ADEA")
Brief description of cause:
Plaintiff is alleging age discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   n/a

JUDGE _____

DOCKET NUMBER _____

DATE
September 9, 2014

SIGNATURE OF ATTORNEY OF RECORD
Caren N. Gurmankin, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT

APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: John Gerundo, Macungie, PA 18062

Address of Defendant: AT&T, Inc. and AT&T Services, Inc. 208 S. Akard Street, Dallas, TX 75202

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐  No ☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐  No ☒

2  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐  No ☒

3  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐  No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, Caren N. Gurmankin, Esquire , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: Sept. 9, 2014    _____    205900

Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: Sept. 9, 2014    _____    205900

Caren N. Gurmankin, Esquire

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

John Gerundo                :                   CIVIL ACTION
                            :
            Plaintiff,      :
    v.                      :
                            :
AT&T Services, Inc., et al. :                   NO.
            Defendant.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits                                   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.       ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court.  (See reverse side of this form for a detailed explanation of special
      management cases.)                                                                             ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                   (X)


| | | |
|---|---|---|
| Sept. 9, 2014 | Caren N. Gurmankin, Esquire | Plaintiff, John Gerundo |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (215) 545-7676 | (215) 565-2853 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**CONSENT TO RECEIVE NOTICE OF ORDERS AND JUDGMENTS IN CIVIL AND
CRIMINAL CASES BY MEANS OF FACSIMILE TRANSMISSION
AND WAIVER OF PROVISIONS OF FED.R.CIV.P. 77(d) OR FED.R. CRIM.P. 49(c)
PROVIDING FOR SAID NOTICE BY MEANS OF MAIL**

TO THE CLERK OF COURT:

I hereby waive the provisions of Fed.R.Civ.P. 77(d) or Fed.R.Crim.P. 49(c)

providing for notice of the entry of Orders or Judgments by mail in the manner provided by

Fed.R.Civ.P. 5 or Fed.R.Crim.P. 49(c), and consent that notice may be given to me, in all pending

and future civil or criminal cases in which I enter my appearance, by the Clerk of Court by

facsimile in lieu of notice by means of mail. I understand that this form, when executed, will serve

as Notice to and Authorization for the Clerk of Court to keep this information on file for all

pending and future civil or criminal cases in which I enter my appearance.

I hereby confirm, by execution of this form, that I understand that it is my

responsibility to notify the Clerk of Court, in writing, of my current address and facsimile number.

Caren N. Gurmankin, Esquire
Name (Printed)
Console Law Offices LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19012
Address (Printed)

205900
Bar Id Number

(215) 545-7676
Telephone Number

Address (Printed)

(215) 565-2853
FAX Number

September 9, 2014
Date

Signature