IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN GERUNDO,

      **Plaintiff,**

  v.                                        CIVIL ACTION
                                              NO. 14-5171

**AT&T SERVICES, INC.**

      **Defendant,**

## AMENDED MEMORANDUM OPINION

**SCHMEHL, J. /s/ JLS**                                             **DECEMBER 27, 2016**

      Plaintiff brought this action, claiming he was placed on surplus status by his former employer, defendant AT&T Services, Inc., because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-629 and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 951. After the Court denied the defendant's motion for summary judgment, the case was tried to the Court sitting with a jury. After a five-day trial, the jury found, as indicated on the verdict form, that plaintiff had proven by a preponderance of the evidence that his age was the determining factor in the decision to surplus his employment in connection with a reduction in force. (ECF 91.) The jury awarded plaintiff $288,000.00 in back pay and $135,000.00 in front pay. (*Id.*).The jury further found that defendant had proven by a preponderance of the evidence that plaintiff did not exercise reasonable diligence in his efforts to secure substantially equivalent employment and, as a result, deducted $53,000.00 from the award of front pay, leaving a total front pay award of $82,000.00. (*Id.*) Finally, the jury found that plaintiff had failed to prove that defendant either knew or

showed reckless disregard for whether its conduct was prohibited by the age discrimination law. (*Id.*) The Court then entered a judgment in favor of plaintiff and against defendant in the amount of $370,000.00. (ECF 87.) Presently before the Court is the motion of the defendant to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is denied.

A motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) "must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (alterations, citations, and quotations omitted).

Defendant argues that the fact that the jury made a specific finding that plaintiff did not mitigate his damages, automatically precludes plaintiff from recovering any front pay and, as a result, any deduction for failing to mitigate should come off of plaintiff's back pay award. Therefore, argues defendant, an award of any front pay was a clear error of law.

In support of this argument, defendant relies exclusively on the following language in an unpublished opinion from the Court of Appeals for the Third Circuit. "When an employer successfully proves a failure to mitigate, any back pay award to an aggrieved employee will be cut off or reduced beginning at the time of the employee's failure to mitigate and any front-pay award will be foreclosed." Caufield v. Ctr. Area Sch. Dist., 133 Fed. Appx. 4, 11 (3d Cir. 2005). For support of this position, the Court of

Appeals in Caufield cites a decision from the United States Supreme Court in Ford Motor Co. v. Equal Employment Opportunity Commission, 458 U.S. 219, 233-34 (1982).

However, a careful reading of the Ford Motor decision reveals that nowhere in the decision does the Supreme Court address the duty to mitigate in the context of front pay. In addition, in a case decided well before Caufield, but after the Supreme Court's Decision in Ford Motor, the Third Circuit stated that "an award for *future* lost earnings is no more speculative than awards for lost earning capacity routinely made in personal injury and other types of cases. *The plaintiff's duty to mitigate damages should serve as an effective control on unjustified damage awards*." Maxfield v. Sinclair Int'l, 766 F. 2d 788, 796 (3d Cir. 1985), cert. denied, 474 U.S. 1057 (1986) (emphasis added.)

In citing the Ford Motor Co. decision, it appears the Third Circuit relied on language from the Court of Appeals for the Second Circuit in Dominic v. Consol. Edison Co., 822 F. 2d 1249, 1258 (2d Cir. 1987). In Dominic, the Second Circuit stated, "Had [defendant] proved that [plaintiff] failed to mitigate damages . . .[plaintiff's] back pay award would have been cut off or reduced at the time of his failure to mitigate and any front-pay award would have been foreclosed." 822 F. 2d at 1258. In support of this proposition, the Second Circuit cited the Supreme Court's decision in Ford Motor. However, as noted above, that decision does not address the duty to mitigate in the context of front pay. Indeed, in a case decided before Dominic, but after the Supreme Court's decision in Ford Motor, the Second Circuit even stated "that the duty to mitigate damages by seeking employment elsewhere significantly *limits* the amount of front pay available." Whittlesey v. Union Carbide, Corp., 742 F. 2d 724, 728 (2d Cir. 1984). (emphasis added.)

Although, as defendant points out, the Third Circuit also cited the Dominic decision in Feldman v. Philadelphia Hous. Auth., 43 F.3d 823, 840 (3d Cir. 1994) ("Had [defendant] proved that [plaintiff] failed to mitigate damages…[,][plaintiff's] back pay award would have been cut off or reduced at the tjme of his failure to mitigate and any front pay award would have been foreclosed"), this citation was not in the majority opinion, but rather in the *dissenting* and *concurring* opinion of Judge Garth. In any event, even Judge Garth wrote after citing Dominic that "[i]t follows that a plaintiff may only receive front pay for *that period of time reasonably necessary to mitigate his losses*." Id. (emphasis added.)

In view of the fact that our Court of Appeals cited only the Supreme Court's decision in Ford Motor for the proposition that the failure to mitigate forecloses a plaintiff's right to front pay (which the decision does not), and since the Third Circuit cautions that "[n]on-Precedential Opinions are only binding on the parties involved, and should not be cited or relied upon for the legal principles stated within," the Court will not follow the Third Circuit's decision in Caufield nor the Second Circuit's decision in Dominic.

Indeed, most of the other Court of Appeals which have considered the issue after the Supreme Court's decision in Ford Motor, have concluded that the failure to mitigate reduces but does not bar an award of front pay. See  Castle v. Sangamo Weston, Inc., 837 F. 2d 1550, 1562 (11th Cir. 1988); Cassino v. Reichhold Chems., Inc., 817 F.2d 1338, 1347 (9th Cir.), cert. denied, 484 U.S. 1047 (1988); McNeil v. Economics Laboratory, Inc., 800 F. 2d 111, 118 (7th Cir. 1986);  EEOC v. Prudential Fed. Sav. & Loan Ass'n, 763 F. 2d 1166, 1173 (10th Cir.), cert. denied, 474 U.S. 946 (1985). In addition, the Sixth

Circuit Court of Appeals has stated that a plaintiff's duty to mitigate damages is only one of a number of factors relevant to a front pay award. Suggs v. ServiceMaster Education Food Management, 72 F. 3d 1228, 1234 (6th Cir. 1996).

The Court elects to follow these decisions as well as the decision of our Court of Appeals in Maxfield. As such, the jury's verdict should not be disturbed because the issues of back pay, mitigation and front pay were all within their province. The jury was properly instructed on the law, they deliberated and rendered a verdict. That verdict will not be disturbed by this Court. Additionally, since neither party challenges the jury's finding that plaintiff failed to mitigate his damages, the Court will affirm the jury's decision to deduct $53,000 from the award of front pay for failure to mitigate, leaving plaintiff with a total of $82,000 in front pay.