IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN GERUNDO,

        Plaintiff,

  v.                                                CIVIL ACTION
                                                         NO. 14-5171

AT&T SERVICES, INC.

        Defendant,

**AMENDED MEMORANDUM OPINION**

SCHMEHL, J.  /s/ JLS                                                DECEMBER 27, 2016

      Plaintiff brought this action, claiming he was placed on surplus status by his former employer, defendant AT&T Services, Inc., because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-629 and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 951. After the Court denied the defendant's motion for summary judgment, the case was tried to the Court sitting with a jury. After a five-day trial, the jury found, as indicated on the verdict form, that plaintiff had proven by a preponderance of the evidence that his age was the determining factor in the decision to surplus his employment in connection with a reduction in force. (ECF 91.) The jury awarded plaintiff $288,000.00 in back pay and $135,000.00 in front pay. (*Id.*) The jury further found that defendant had proven by a preponderance of the evidence that plaintiff did not exercise reasonable diligence in his efforts to secure substantially equivalent employment and, as a result, deducted $53,000.00 from the award of front pay, leaving a total front pay award of $82,000.00. (*Id.*) Finally, the jury found that plaintiff had failed to prove that defendant either knew or

showed reckless disregard for whether its conduct was prohibited by the age discrimination law. (*Id*.) The Court then entered a judgment in favor of plaintiff and against defendant in the amount of $370,000.00. (ECF 87.) Presently before the Court is the motion of the plaintiff for prejudgment judgment interest on the back pay award. For the reasons that follow, the motion is granted.

Defendant does not dispute that plaintiff is entitled to prejudgment interest on the back pay award. (ECF 108 at p. 2.) However, the parties do not agree on the method to be used to calculate prejudgment interest. Plaintiff argues that the Court should award prejudgment interest at Pennsylvania's legal interest rate of 6% as set forth in 41 P.S. § 202. Defendant counters that the Court should award prejudgment interest at the rate contained in the federal post-judgment interest rate statute, 28 U.S.C. § 1961(a), which equals the Federal Reserve "weekly average 1-year constant maturity Treasury yield." 28 U.S.C. § 1961(a). The difference is significant because under plaintiff's method, plaintiff would be entitled to $17,280 in pre-judgment interest, while under defendant's method plaintiff would be entitled to $854.49.

The decision to award prejudgment interest is in the sound discretion of the trial court. Booker v. Taylor Milk Co., 64 F. 3d 860, 868 (3d Cir. 1995). Awarding prejudgment interest "serves to compensate a plaintiff for the loss of the use of money that the plaintiff would otherwise have earned had he not been unjustly discharged." Id. There is a "strong presumption in favor of awarding prejudgment interest, except where the award would result in unusual inequities." Id

Our Court of Appeals has stated that in awarding prejudgment interest a district court "may be guided by the rate set out in 28 U.S.C. § 1961." Sun Ship, Inc. v. Matson

Navigation, Co., 785 F. 2d 59, 63 (3d Cir. 1986). Indeed, this Court has repeatedly used the post-judgment interest statute to calculate an award of prejudgment interest on back pay in ADEA cases. See, e.g., O'Neill v. Sears Roebuck and Co., 108 F. Supp. 2d 443, 446 (E.D. Pa. 2000); Becker v. ARCO Chem. Co., 15 F. Supp. 2d 621 (E.D. Pa. 1998); Young v. Lukens Steel Co., 881 F. Supp. 962, 977 (E.D. Pa. 1994); Argue v. David Davis Enterprises, Inc., No. 02-951, 2009 WL 750197 (E.D. Pa. Mar. 20, 2009); Tomasso v. Boeing Co., No. 03-4220, 2007 WL 2753171 (E.D. Pa. Sept. 21, 2007); Devore v. City of Phila., No. 00-3598, 2004 WL 834924 (E.D. Pa. Mar. 30, 2004); Anderson v. Consolidated Rail Corp., No. 98-6043, 2000 WL 1622863 (E.D. Pa. Oct. 25, 2000).

Plaintiff directs the Court's attention to a recent decision wherein this Court applied Pennsylvania's six percent interest rate to calculate prejudgment interest on an ADEA damages award. See Grieb v. JNP Foods, Inc., (E.D. Pa. Dec. 23, 2015). In applying the six percent rate, the Court in Grieb stated that "[w]hile T-Bill interest rate might account for lost investment, it certainly does not account for the plaintiffs' inability to access these funds in daily life. This is particularly true here where the plaintiffs would most likely have used their less than $20,000 annual salaries for subsistence."

Contrary to the situation in Grieb, plaintiff has not produced any evidence that he needed to use most of his annual salary of $106,500 for basic living expenses. Rather, the Court finds that plaintiff is only entitled to recoup an amount which would compensate him for lost investment. The Court finds that the T-Bill interest rate adequately compensates plaintiff for any lost investment.

Section 1961(a) of Title 28 provides for post-judgment interest as follows: "Such interest shall be calculated from the date of entry of judgment, at a rate equal to the

3

coupon issue yield equivalent (as determined by the Secretary of Treasury) of the average accepted auction price for the last auction of the fifty-two week United States Treasury bills settled immediately prior to the date of judgment." 28 U.S.C. § 1961(a).

According to defendant's calculations, "[u]sing the Treasury Bill rate available for the period ending just prior to each applicable year, and based on the jury's back pay award of $288,000," results in plaintiff receiving a total prejudgment award on his back pay totaling $854.49. (ECF 108 at p. 5.) Plaintiff has not objected to this calculation. Accordingly, the Court awards plaintiff prejudgment interest on his back pay award in the total amount of $854.49.