IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN GERUNDO,<br><br>       **Plaintiff,**<br><br>   v.<br><br>AT&T SERVICES, INC.<br><br>       **Defendant.** | CIVIL ACTION<br>NO. 14-5171 |

**MEMORANDUM OPINION**

**SCHMEHL, J. /s/ JLS**                                          **DECEMBER   28, 2016**

      Plaintiff brought this action, claiming he was placed on surplus status by his former employer, defendant AT&T Services, Inc., because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-629 and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 951. After the Court denied the defendant's motion for summary judgment, the case was tried to the Court sitting with a jury. After a five-day trial, the jury found, as indicated on the verdict form, that plaintiff had proven by a preponderance of the evidence that his age was the determining factor in the decision to surplus his employment in connection with a reduction in force. (ECF 91.) The jury awarded plaintiff $288,000.00 in back pay and $135,000.00 in front pay. (*Id.*).The jury further found that defendant had proven by a preponderance of the evidence that plaintiff did not exercise reasonable diligence in his efforts to secure substantially equivalent employment and, as a result, deducted $53,000.00 from the award of front pay, leaving a total front pay award of $82,000.00. (*Id.*) Finally, the jury found that plaintiff had failed to prove that defendant either knew or

showed reckless disregard for whether its conduct was prohibited by the age discrimination law. (*Id.*) The Court then entered a judgment in favor of plaintiff and against defendant in the amount of $370,000.00. (ECF 87.) Presently before the Court is the renewed motion of the plaintiff for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is denied.

### **STANDARD OF REVIEW**

A motion for judgment as a matter of law under Fed. R. Civ. P. 50(b) "should be granted only if, viewing the evidence in the light most favorable to the non-movant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find" for the non-movant. *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993); *Mandile v. Clark Material Handling Co.*, 131 Fed. Appx. 836, 838 (3d Cir. 2005).

In making this determination, "the court may not weigh the evidence, determine the credibility of the witnesses, or substitute its version of the facts for the jury's version." *Lightning Lube*, 4 F.3d at 1166 (citing *Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 190 (3d Cir. 1992)).

"The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." *Id.* (quoting *Patzig v. O'Neil*, 577 F.2d 841, 846 (3d Cir. 2004) ("A judge may overturn a jury verdict only when, as a matter of law, the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief.")(quotations omitted)).

**DISCUSSION**

Plaintiff requests that the Court enter judgment as a matter of law for liquidated damages in the amount of $288,000. Specifically, plaintiff argues that "[b]ecause the jury found that Defendants **intentionally** discriminated against Plaintiff based on his age, and because . . . Defendants' witnesses who were involved in the employment decision at issue admitted that they were aware of the law that prohibits age discrimination (including that consideration of age in an employment decision is illegal), Plaintiff should have been awarded liquidated damages as a matter of law." (ECF 104 at p. 5.)(emphasis in original). Plaintiff further asserts that "[t]he fact that Question No. 5 was included on the Verdict Form for the jury to consider was a signal to the jury that there had to be additional evidence to find that Defendants 'either knew or showed reckless disregard for whether their conduct was prohibited by the age discrimination law.'" (Id. at p.9.) According to the plaintiff, "[t]he inclusion of that question on the Verdict Form would lead the jury to conclude that the evidence which the jury considered in reaching its conclusion that Defendants intentionally discriminated against Plaintiff based on his age . . . was not sufficient for the jury to answer 'Yes' to Question No. 5 (but without any guidance as to what else might be needed.)" (Id.)

Liquidated, or double, damages are available where the employer engaged in a willful violation of the ADEA. 29 U.S.C. 626(b). A liquidated damages award doubles the plaintiff's back pay award but is punitive in nature. Starceski v. Westinghouse Elec. Corp., 54 F. 3d 1089, 1102 (3d Cir. 1995). An employer willfully violates the ADEA where it acts with knowing or reckless disregard as to whether its conduct was prohibited by the ADEA. Hazen Paper Co. v. Biggins, 507 U.S. 604, 614 (1993).

Question 1 of the Verdict Form read as follows:

1. Has Plaintiff proven by a preponderance of the evidence that his age was the determining factor (i.e. the 'but-for' cause) in the decision to surplus his employment as a Service Executive in connection with the reduction in force?

   Answer Yes of No ____Yes_____

Question 5 of the Verdict Form read as follows:

5. Did Plaintiff, John Gerundo, prove by a preponderance of the evidence that AT&T either knew or showed reckless disregard for whether its conduct was prohibited by the age discrimination law?

   Answer Yes or No ____No_____

(ECF 91.)

Plaintiff claims, in essence, that once the jury answered "yes" to Question 1, there was no need for the jury to consider Question 5. The Court recalls that plaintiff raised this issue for the first time as part of its Rule 50(a) motion in chambers before the Court charged the jury. The Court denied the plaintiff's request and kept Question 5 as part of the verdict form. (ECF 97 at 5.)

In the first instance, the wording the Court used for Question No. 5 was taken *verbatim* from plaintiff's proposed verdict forms that were submitted prior to the trial (ECF 61) and after the close of the evidence (ECF 84.) The Court also charged the jury on the issue of liquidated damages in accordance with the very proposed instruction plaintiff submitted to the Court after the close of evidence. (ECF 83 at 13 (No. 8).) The charge almost verbatim tracked the language of Section 8.4.3 of the Model Civil Jury Instructions for the District Courts of the Third Circuit as follows:

> You must find AT&T's violation of the ADEA to be willful if AT&T knew or showed reckless disregard for whether the decision to terminate Mr. Gerundo's employment as a service executive in connection with the reduction in force was prohibited by law.
>
> To establish willfulness, it is not enough to show that AT&T acted negligently. If you find that AT&T did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, then AT&T's conduct would not be willful.

(ECF 97 at 104-105.)

In the second instance, there was indeed additional evidence the plaintiff had to set forth in order to demonstrate he was entitled to liquidated damages. Plaintiff had to show that defendant, acting through his agents, knew it was *willfully violating the ADEA*. This is a separate issue from the main liability issue of whether the defendant *intentionally discriminated against plaintiff on the basis of his age.* See Hazen Paper Co., 507 U.S. at 616 ("It is not true that an employer who knowingly relies on age in reaching its decision invariably commits a knowing or reckless violation of the ADEA.")

Here the only evidence plaintiff put forth before the jury on the issue of defendant's willful violation of the ADEA was when plaintiff's counsel questioned Renee Roth and Lois Smith as follows:

Q. Now you're aware there's a law that prohibits age discrimination, correct

A. Yes.

Q. And should you consider a person's age at [the] workplace, that could be a violation of the law, right?

A. Yes.

(ECF 94 at 144.)(Roth)

Q. Now you would agree with me that it's a violation of AT&T policy and of the law to take age into account when making employment decisions, correct?

A. I agree.

(ECF 95 at 163-164.)

Q. At AT&T a manager cannot have a preference to put a younger worker in the position, correct?

That would be a violation of AT&T policy, correct?

A. Correct

Q. And a violation of the law?

A. Correct.

(ECF 95 at 173.)(Smith)

Missing from these exchanges is any testimony from either Roth or Smith that either knew *at the time plaintiff was placed on surplus status* as opposed to *when each was on the witness stand* that it was a violation of the law (ADEA) to take age into account when making employment decisions.

Similarly, although defendant's Chief of Staff, Karin Johnson ("Johnson"), the person responsible for ensuring that there was no bias in the decision-making process, told the managers regarding the employees who were placed on surplus status, including sixty six (66) year old plaintiff that the question was – "is it time for them to leave AT&T or move out of the SM organization." (ECF 95 at 129), and that Johnson told Gary Jordan by email regarding the surplus process that her goal was as follows: "And I would love to keep us all out of jail" (ECF 95 at 130), there is no testimony that Johnson knew of and willfully violated the ADEA at the time she made these comments.

The jury had ample opportunity to make this finding if they wanted to.  All they had to do was say "yes" to question five (5).  They deliberated and in their opinion, there was no intentional violation of the ADEA law.  As a result, the Court finds that the jury reasonably concluded that although defendant intentionally discriminated against the plaintiff on the basis of his age, defendant did not willfully violate the ADEA. Therefore, the jury's verdict will not be disturbed.